# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORRAINE GRAHAM and WILLIAM GRAHAM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHUBB INSURANCE COMPANY a/k/a ) <br> PACIFIC INDEMNITY COMPANY, ) <br> ) <br> Defendant. ) | Case No. 17 cv 1793 <br><br> Judge Sharon Johnson Coleman |

## ORDER

Coming before the Court on a motion to dismiss and compel arbitration [9] filed by defendant, Chubb Insurance Company a/k/a Pacific Indemnity Company ("Chubb"). For the reasons stated herein the Court denies the motion to compel arbitration and grants the motion to dismiss without prejudice.

### Statement

Plaintiff, Lorraine Graham, was injured by an underinsured motorist on December 5, 2016. Chubb is plaintiff's insurer whose policy provides additional coverage (up to $2,000,000) under an underinsured motorist provision. Plaintiffs made a written demand for the full policy limit ($1.9 million) on January 31, 2017. They made a second written demand on February 22, 2017. Chubb asserts that it responded with written requests for more information and time to evaluate the claim.

Plaintiffs filed a complaint on March 7, 2017, alleging breach of contract (Count I) and bad faith under the Illinois Insurance Code (Count II).[1] Chubb moves to compel arbitration and to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court declines to compel arbitration. The parties agree that the provision states in relevant part: "If we [Chubb] and a covered person [Plaintiffs] disagree whether that person is legally entitled to recover damages under this policy, or do not agree as to the amount of damages, the

---

[1] Plaintiffs bring Count II pursuant to Illinois law, but assert in their two-page brief in opposition to the motion that Wisconsin law governs the policy.

covered person may make a written demand for arbitration." The language of the arbitration clause is permissive rather than mandatory and it does not state that it is the exclusive remedy. Agreements to arbitrate are contracts limited by the clear language of the agreement. *See Salsitz v. Kreiss*, 198 Ill. 2d 1, 13, 761 N.E.2d 724, 731 (2001), *as supplemented on denial of reh'g* (Dec. 3, 2001). Since the plain language of the provision does not require Graham to seek arbitration, this Court will not compel it.

Turning to the legal sufficiency of the Complaint, plaintiffs must allege sufficient facts to state a facially plausible claim that puts the defendant on notice of the basis of the claims against it. *See Swanson v. Citibank, N.A.,* 614 F.3d 400, 403–404 (7th Cir.2010). In evaluating the Complaint, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To state a claim for breach of contract claim under Illinois law, plaintiffs must allege: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) an injury caused by the breach. *See VanDerMolen v. Washington Mutual Finance, Inc.*, 835 N.E.2d 61, 69 (Ill. App. Ct. 2005). Here, plaintiffs claim fails for lack of allegations of a breach by Chubb. The Complaint alleges legal conclusions rather than factual allegations of a breach. Plaintiffs contend that the Grahams' damages sustained on December 5, 2016, are covered under the Chubb policies and therefore Chubb's failure to pay on demand constitutes a breach of the policy. (Dkt. 1 at ¶¶ 25-28). However, the construction of an insurance contract and the determination of the rights and obligations of the parties are questions of law. *See Pekin Ins. Co. v. Wilson,* 391 Ill. App. 3d 505, 509, 909 N.E.2d 379, 385 (2009), *aff'd,* 237 Ill. 2d 446, 930 N.E.2d 1011 (2010). This Court therefore finds that plaintiffs' allegations are legal conclusions insufficient to state a claim. *See Prudential Ins. Co. of Am. v. Sipula*, 776 F.2d 157, 159 (7th Cir. 1985).

Plaintiffs' claim in Count II, alleging bad faith for delay under 215 ILCS 5/155, is equally conclusory. "The key question in a section 155 claim is whether an insurer's conduct is vexatious and unreasonable." *McGee v. State Farm Fire & Cas. Co.*, 315 Ill. App. 3d 673, 681, 734 N.E.2d 144, 151 (2000). Plaintiffs allege that Chubb has unreasonably delayed payment of the policy by failing to remit payment following the January 31, 2017, and February 22, 2017, demand. It is undisputed for purposes of this motion that Lorraine Graham sustained severe injuries on December 5, 2016, and that the parties began discussing coverage of the claim on January 20, 2017. Chubb argues that it is still investigating the claim. There are no allegations in the Complaint that Chubb has even denied

the Grahams' claim for coverage. Moreover, plaintiffs in their response to dismissal simply state that this issue is for resolution following the award of compensatory damages. Accordingly, this Court finds that plaintiffs fail to state a claim under Count II.

## Conclusion

For the reasons stated herein, this Court denies Chubb's motion to compel arbitration and grants the motion to dismiss the complaint. Dismissal is without prejudice.

IT IS SO ORDERED.

ENTERED:

Dated: May 2, 2017

SHARON JOHNSON COLEMAN

United States District Judge